IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-63,250-02 AND WR-63,250-03




EX PARTE TREMONT D. WILLIAMS, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 2003CR6219W AND 2003CR6220W 
IN THE 379TH DISTRICT COURT FROM BEXAR COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
driving while intoxicated and sentenced to twelve (12) years’ imprisonment in each count. 
            Applicant alleges that the TDCJ violated his due process rights when it imposed sex offender
conditions upon his release on parole as he has never been convicted of a sex offense. Specifically,
Applicant was required to comply with the child safety zone and sex offender counseling conditions
upon his release on parole. Applicant alleges that he was never afforded notice and the opportunity
to contest the validity of these conditions. 
            Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Campbell, 267
S.W.3d 916 (Tex. Crim. App. 2008); Coleman v. Dretke, 395 F.3d 216 (5th Cir 2004 ). On August
19, 2009, the Court remanded these applications to the convicting court for fact findings. On the
basis of an affidavit filed by the Texas Department of Criminal Justice (TDCJ), the trial court entered
supplemental findings of fact recommending that relief be denied. According to the TDCJ affidavit,
Applicant was required to comply with sex offender conditions because he was convicted of
misdemeanor Solicitation of a Child in 1990. See Tex. Pen. Code, § 25.06 (Vernon 1988). 
However, the record does not contain any documentation verifying that Applicant was convicted of
the Solicitation of a Child charge. In these circumstances, additional facts are needed. 
            As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court shall order the Texas Department
of Criminal Justice’s Office of the General Counsel to file a supplemental affidavit listing the cause
number, sentence begin date, and sentence discharge date in Applicant’s Solicitation of a Child case. 
The TDCJ shall also provide copies of the documents which the TDCJ relied upon when it prepared
its initial affidavit in this case, including the San Antonio Police Department’s report. Finally, the
trial court shall instruct the clerk to supplement the record with copies of the indictment, judgment,
written admonishments, waivers, and judicial confession in Applicant’s Solicitation of a Child case. 
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
 
Filed: January 27, 2010
Do not publish